IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| JEREMY D. WOOD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACT. NO.  2:11cv670-CSC |
| | ) | (WO) |
| JASON GABRIEL CODY SCHULTZ, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION and ORDER**

This case arises from a traffic accident between plaintiff Jeremy D. Wood ("Wood") and defendant Jason Gabriel Cody Schultz ("Schultz") on July 5, 2010.  The plaintiff alleges that, as he turned left into his driveway from Highway 111 in Elmore County, Alabama, Schultz negligently and wantonly collided with his vehicle pushing him into a ditch.  The plaintiff seeks compensatory and punitive damages from the defendant.  The court has jurisdiction of this case pursuant to its diversity jurisdiction.  *See* 28 U.S.C. § 1332(a)(1).  Pursuant to 28 U.S.C. § 636(c)(1) and M.D. ALA. LR 73.1, the parties have consented to a United States Magistrate Judge conducting all proceedings in this case and ordering the entry of final judgment.

This case is pending before the court on the defendant's motion to dismiss for lack of subject matter jurisdiction (doc. # 31) filed on September 26, 2012.  Schultz argues that there is no diversity jurisdiction in this matter because both parties are domiciled in Alabama.  The court held an evidentiary hearing on the motion to dismiss on December 10, 2012.  *See*

*Sunseri v. Macro Cellular Partners*, 412 F.3d 1247, 1250 (11th Cir. 2005) ("Where resolution of the motion to dismiss turns on credibility, however, the proper exercise of discretion may be to hold an evidentiary hearing.")

## DISCUSSION

The complaint in this case filed on August 18, 2011. (Doc. # 1)  In the complaint, Wood asserted that he "was a bona fide resident citizen of the State of Florida at material times hereto," (*id*. at ¶ 1), and Schultz was "resident citizen of Elmore County, Alabama." (*Id*. at ¶ 2).  Jurisdiction in this case is premised exclusively on diversity.

"Citizenship is equivalent to domicile for purposes of diversity jurisdiction." *McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002).  *See also Simpson v. Fender*, 445 Fed. Appx. 268, 270 (11th Cir. 2007).  Wood's domicile "is determined by two elements: (1) physical presence within a state; and (2) mental intent to make a home there indefinitely." *McDonald v. Equitable Life Ins. Co. of Iowa*, 13 F.Supp.2d 1279, 1281 (M.D. Ala. 1998) citing *Mississippi Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989).  Although the defendant filed the motion to dismiss, the plaintiff bears the burden of establishing jurisdiction.  *McCormick*, 293 F.3d at 1257 ("[T]he party invoking the court's jurisdiction bears the burden of proving, by a preponderance of the evidence, facts supporting the existence of federal jurisdiction.")

In support of his motion to dismiss, Schultz asserts that Wood's domicile was Alabama when he filed this lawsuit on August 18, 2011. Schultz points to the following facts

in support of his position. During his deposition on September 19, 2012, Wood admitted that he had been living continuously in Alabama since January 2010. He further admitted that he obtained an Alabama driver's license on July 20, 2010, and he has maintained that license. He transferred his automobile insurance from Florida to Alabama. He sought and obtained employment in Alabama. Finally, Wood conceded that he does not currently maintain a residence in Florida. When he came to Alabama, he ""shut down [his] residence in Florida."

In response to the motion to dismiss, Wood concedes that he was physically present in Alabama on the day the complaint was filed. However, he argues that it is his intent that determines his domicile. Wood asserts that he never intended to stay in Alabama on a permanent basis. Because Wood did not intend to stay in Alabama, he argues that his domicile remained in Florida. According to Wood, he left Florida only to donate a kidney to his dying father in Alabama, and he did not realize how long the organ donation process would take. He contends that he only intended to stay in Alabama until he donated a kidney or his father died. After he donated a kidney, he only intended to stay until he recuperated and to ensure that his father did not reject the kidney. Thereafter, he only stayed in Alabama after the kidney donation because of complications from the surgery. He became physically and financially dependent on his parents. Finally, he points to the fact that he maintains a concealed weapon license issued by the State of Florida as evidence that he did not intend to make Alabama his domicile.

"Domicile" is not necessarily synonymous with "residence, . . . and one can reside

in one place but be domiciled in another." *Mississippi Band of Choctaw Indians*, 490 U.S. at 48 (internal citations omitted).

> "A person's domicile is the place of 'his true, fixed, and permanent home and principal establishment, and to which he has the intention of returning whenever he is absent therefrom....' " *Mas v. Perry,* 489 F.2d 1396, 1399 (5th Cir.1974), cert. denied, 419 U.S. 842, 95 S.Ct. 74, 42 L.Ed.2d 70 (1974) (quoting *Stine v. Moore,* 213 F.2d 446, 448 (5th Cir.1954)). Furthermore, a change of domicile requires "[a] concurrent showing of (1) physical presence at the new location with (2) an intention to remain there indefinitely...." *Id.*

*McCormick,* 293 F.3d at 1257-58. *See also Sunseri*, 412 F.3d at 1249; *Simpson*, 445 Fed. Appx. at 270.

Based on the evidence presented at the evidentiary hearing on December 10, 2012, the court concludes that Wood was not domiciled in Alabama on August 18, 2011, the date the complaint was filed. The evidence demonstrates that Wood returned to Alabama from Florida where he had been living for at least ten (10) years in January 2010 for the purpose of donating a kidney to his father. However, due to the distance, it was not feasible for him to drive back and forth between Jacksonville, Florida and Birmingham, Alabama during the transplant process. Before Wood left Florida, he made arrangements to secure employment upon his return to Florida. Wood testified that he believed he would not be in Alabama for more than a year.

When Wood left Florida, he did not own any real property.[1] However, he does not

---

[1] Wood testified that one reason he came to Alabama in January 2010 was because the lease on his house expired. He further testified that he had spoken to friends and he had made arrangements to live with a friend when he returned to Florida.

own any real property in Alabama either.[2] The process to become a kidney donor was lengthier than Wood appreciated. When Wood realized how long the process would take, he secured an Alabama driver's license[3] and transferred his automobile insurance to Alabama.[4] Wood initially secured employment with a heating and air conditioning company.[5]

Wood donated a kidney to his father on January 31, 2011. After the transplant surgery, Wood suffered complications including a lymphatic leak. The lymphatic leak required additional surgery. On March 15, 2011, Wood was hospitalized in Birmingham for ten days before surgery and for several more weeks after surgery. When he was released from the hospital, Wood moved in with his mother so she could care for him.[6] Wood underwent yet another surgery in July 2011 because the lymphatic leak caused adhesions which in turn resulted in a bowel obstruction.

One reason Wood remains in Alabama is because, as a result of being an organ donor, he has medical coverage for any medical conditions that arise for a year following the transplant surgery. Both Wood and his mother testified that it was never his intent to move

---

[2] Wood testified that he initially stayed with his mother for a short period of time but then moved into a trailer on his grandparents' property so that he could be close to his father.

[3] A non-resident licensed driver may drive in Alabama for up to thirty (30) days before securing an Alabama driver's license. *See* Alabama Department of Public Safety website, http://dps.alabama.gov/Home/wfContent.aspx?ID=30&PLH1=plhDriverLicense-FAQ (last accessed on Jan. 14, 2013).

[4] Wood was advised by his Florida insurance agent to secure insurance in Alabama if he was going to be in Alabama for an appreciable period of time.

[5] It is undisputed that Wood has not worked in this capacity since the kidney transplant surgery.

[6] Wood's mother is a trained nurse.

to Alabama but complications from the kidney transplant surgery necessitated him remaining close to his physicians in Alabama. Wood also testified that while he has been able to work part time as a disc jockey while in Alabama, the availability of such work and the pay is significantly less in Alabama than in Florida. Consequently, the lack of work coupled with the low pay was another reason he did not intend to remain in Alabama.

"[D]omicile is established by physical presence in a place in connection with a certain state of mind concerning one's intent to remain there." *Mississippi Band of Choctaw Indians*, 490 U.S. at 48. Although Wood was physically present in the State of Alabama on August 18, 2011, the objective evidence, coupled with his statements regarding his intentions to return to Florida, convince the court that Wood did not intend to change his domicile when he left Florida. The evidence establishes that Wood intended to return to Florida when he was physically able. He made arrangements to secure employment and housing when he returned to Florida. The nature of his physical ailments and his lack of employment have impeded his ability to return to Florida. The fact that he has not yet been able, physically or financially, to return does not demonstrate that Wood intended to change his domicile from Florida to Alabama. *See Scoggins v. Pollock*, 727 F.2d 1025, 1027 (11th Cir. 1984) (because plaintiff lacked requisite intent to stay in state, plaintiff's originating state remained her domicile). Consequently, the court concludes that Wood has demonstrated, by a preponderance of the evidence, that his domicile on the date this action was filed was not Alabama.

## CONCLUSION

Accordingly, for the reasons as stated, it is

ORDERED and ADJUDGED that the defendant's motion to dismiss (doc. # 31) be and is hereby DENIED.

Done this 15th day of January, 2013.

                                             /s/Charles S. Coody
                                             CHARLES S. COODY
                                             UNITED STATES MAGISTRATE JUDGE