IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JEREMY D. WOOD, | ) |
| | ) |
|     Plaintiffs, | ) |
| | ) |
| v. | )   CIVIL ACT. NO. 2:11-cv-670-CSC |
| | )                 (WO) |
| JASON GABRIEL CODY SCHULTZ, | ) |
| | ) |
|     Defendant. | ) |

**MEMORANDUM OPINION and ORDER**

**I.  INTRODUCTION**

This case arises from a collision between vehicles driven by plaintiff Jeremy D. Wood ("Wood") and defendant Jason Gabriel Cody Schultz ("Schultz") on July 5, 2010.  The plaintiff alleges that as he turned left into his driveway from Highway 111 in Elmore County, Alabama, Schultz negligently and wantonly collided with his vehicle pushing him into a ditch.  The plaintiff seeks compensatory and punitive damages from the defendant. The court has jurisdiction of this case pursuant to its diversity jurisdiction.  *See* 28 U.S.C. § 1332(a)(1).  Pursuant to 28 U.S.C. § 636(c)(1) and M.D. ALA. LR 73.1, the parties have consented to a United States Magistrate Judge conducting all proceedings in this case and ordering the entry of final judgment.

On August 14, 2012, the defendant filed a motion for partial summary judgment on the plaintiff's wantonness claim.  (Doc. # 27).  The plaintiff has responded to the motion. After careful consideration of the motion, the plaintiff's response, and the supporting and

opposing evidentiary materials, the court concludes that the motion for summary judgment is due to be DENIED.

## II.  STANDARD OF REVIEW

"Summary judgment is appropriate 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine [dispute][1] as to any material fact and that the moving party is entitled to judgment as a matter of law.'"  *Greenberg v. BellSouth Telecomm., Inc.*, 498 F.3d 1258, 1263 (11th Cir. 2007) (per curiam) (citation omitted) (footnote added); FED.R.CIV.P. 56(a) ("The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.").  The party moving for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the [record, including pleadings, discovery materials and affidavits], which it believes demonstrate the absence of a genuine [dispute] of material fact."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  The movant may meet this burden by presenting evidence which would be admissible at trial indicating there is no dispute of material fact or by showing that the nonmoving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof.  *Id.* at 322-324.

---

[1] Effective December 1, 2010, the language of Rule 56(a) was amended.  The word "dispute" replaced the word "issue" to "better reflect[] the focus of a summary-judgment determination." FED.R.CIV.P. 56(a), Advisory Committee Notes, 2010 Amendments.

Once the movant meets his evidentiary burden and demonstrates the absence of a genuine dispute of material fact, the burden shifts to the non-moving party to establish, with appropriate evidence beyond the pleadings, that a genuine dispute material to his case exists. *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991); *Celotex*, 477 U.S. at 324; FED.R.CIV.P. 56(c) ("A party asserting that a fact cannot be or is genuinely disputed must be support the assertion by: (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact."). A genuine dispute of material fact exists when the nonmoving party produces evidence that would allow a reasonable fact-finder to return a verdict in its favor. *Greenberg*, 498 F.3d at 1263.

To survive the movant's properly supported motion for summary judgment, a party is required to produce "sufficient [favorable] evidence" "that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986). "If the evidence [on which the nonmoving party relies] is merely colorable . . . or is not significantly probative . . . summary judgment may be granted." *Id*. at 249-250. "A mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be enough of a showing that the [trier of fact] could reasonably find for that party."

*Walker v. Darby*, 911 F.2d 1573, 1576-1577 (11th Cir. 1990) *quoting Anderson*, *supra*. Conclusory allegations based on subjective beliefs are likewise insufficient to create a genuine dispute of material fact and, therefore, do not suffice to oppose a motion for summary judgment. *Waddell v. Valley Forge Dental Assocs., Inc.*, 276 F.3d 1275, 1279 (11th Cir. 2001). Hence, when a nonmoving party fails to set forth specific facts supported by appropriate evidence sufficient to establish the existence of an element essential to its case and on which the nonmovant will bear the burden of proof at trial, summary judgment is due to be granted in favor of the moving party. *Celotex*, 477 U.S. at 322 ("[F]ailure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial.").

For summary judgment purposes, only disputes involving material facts are relevant. *United States v. One Piece of Real Prop. Located at 5800 SW 74th Ave., Miami, Fla.*, 363 F.3d 1099, 1101 (11th Cir. 2004). What is material is determined by the substantive law applicable to the case. *Anderson*, 477 U.S. at 248; *Lofton v. Sec'y of Dep't of Children & Family Servs.*, 358 F.3d 804, 809 (11th Cir. 2004) ("Only factual disputes that are material under the substantive law governing the case will preclude entry of summary judgment."). "The mere existence of some factual dispute will not defeat summary judgment unless that factual dispute is material to an issue affecting the outcome of the case." *McCormick v. City of Fort Lauderdale*, 333 F.3d 1234, 1243 (11th Cir. 2003) (citation omitted). To demonstrate a genuine dispute of material fact, the party opposing summary judgment "must

4

do more than simply show that there is some metaphysical doubt as to the material facts. . . . Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine [dispute] for trial.'" *Matsushita Elec. Indus. Co, Ltd., v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). In cases where the evidence before the court which is admissible on its face or which can be reduced to admissible form indicates that there is no genuine dispute of material fact and that the party moving for summary judgment is entitled to it as a matter of law, summary judgment is proper. *Celotex*, 477 U.S. at 323-324 (summary judgment appropriate where pleadings, evidentiary materials and affidavits before the court show there is no genuine dispute as to a requisite material fact); *Waddell*, 276 F.3d at 1279 (to establish a genuine dispute of material fact, the nonmoving party must produce evidence such that a reasonable trier of fact could return a verdict in his favor). However, if there is a conflict in the evidence, "the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson*, 477 U.S. at 255; *Ruiz de Molina v. Merritt & Furman Ins. Agency*, 207 F.3d 1351, 1356 (11th Cir. 2000).

### III. FACTS[2]

The parties agree that, at approximately 10:45 p.m. on July 5, 2010, Wood was

---

[2] At this stage of the proceedings, this court takes the facts alleged by Wood as true and construes them in the light most favorable to him. *Stewart v. Booker T. Washington Ins.*, 232 F.3d 844, 848 (11th Cir. 2000) (citations omitted) ("In assessing whether there is any 'genuine issue' for trial, the court 'must view all the evidence and all factual inferences reasonably drawn from the evidence in the light most favorable to the nonmoving party," ... and 'resolve all reasonable doubts about the facts in favor of the non-movant.' ... Moreover, the court must avoid weighing conflicting evidence or making credibility determinations....").

returning home, driving westbound on Alabama Highway 111 in Elmore County, Alabama. Defendant Schultz was behind him also driving west on Highway 111. Wood signaled to turn left into his driveway. As Wood began to turn left from Highway 111 into his driveway, the front of Schultz's vehicle struck the driver's side of Wood's vehicle and pushed Wood into a ditch.

How the collision occurred is disputed. According to Wood, he did not see Schultz's headlights until he was "actually turning left," even though he slowed down, checked his mirrors, and activated his turn signal. (Doc. # 27, Ex. B, ¶ 10 & 11). According to Schultz, he was traveling the speed limit, and was not under the influence of drugs or alcohol at the time of the collision. The Alabama Uniform Traffic Crash Report describes the collision as follows.

> [Schultz's vehicle] was traveling west on AL-111. [Wood's vehicle] was also traveling west on AL-111 directly in front of [Schultz's vehicle]. Driver of [Schultz's vehicle] attempted to pass [Wood's vehicle], but failed to yield the right of way to [Wood's vehicle] as it attempted to make a left turn into a private drive. Driver of [Schultz's vehicle] also stated he did not see any turn signal on [Wood's vehicle].

(Doc. # 29, Pl's Resp., Ex. A at 2).

### III. DISCUSSION

Schultz has moved for partial summary judgment on the plaintiff's wantonness claim contending that Wood cannot demonstrate that he "acted with recklessness or wantonness in operating his vehicle on the date of the accident." (Doc. # 27 at 4).

6

> "Wantonness" is statutorily defined as "[c]onduct which is carried on with a reckless or conscious disregard of the rights or safety of others." ALA. CODE 1975, § 6–11–20(b)(3). 'Wantonness" has been defined by this Court as the conscious doing of some act or the omission of some duty, while knowing of the existing conditions and being conscious that, from doing or omitting to do an act, injury will likely or probably result. *Bozeman v. Central Bank of the South*, 646 So.2d 601 (Ala.1994).

*Hornady Truck Line, Inc. v. Meadows*, 847 So. 2d 908, 916 (Ala. 2002). *See also Martin v. Arnold*, 643 So. 2d 564, 567 (Ala. 1994). Moreover, "[w]hat constitutes wanton misconduct depends on the facts presented in each particular case." *Ex parte Anderson*, 682 So. 2d 467, 470 (Ala. 1996); *Smith v. Davis*, 599 So. 2d 587 (Ala. 1992).

> To be guilty of wanton conduct, one must, with reckless indifference to the consequences, consciously and intentionally do some wrongful act or omit some known duty, and to be actionable, that act or omission must produce the plaintiff's injury.

*Anderson*, 682 So. 2d at 470; *Smith*, 599 So. 2d at 588.

At this juncture, the only undisputed facts are that at approximately 10:45 p.m. on a dark, clear night, Schultz's vehicle collided with Wood's vehicle as Wood attempted to turn left into his driveway. However, there exist genuine disputes as to material facts about whether Schultz's conduct constitutes wantonness. According to Wood, he slowed down and activated his turn signal, indicating a left turn. He looked in his mirrors before he turned, and he did not see headlights behind him, nor did he see Schultz's vehicle until it hit his door. The uniform crash report indicated that Schultz did not see a turn signal, and that

7

Schultz attempted to overtake Wood where the roadway intersected with a private drive.[3]

Taking the plaintiff's version of the facts as true, as the court is required to do at this juncture, a reasonable jury could conclude that when Schultz attempted to pass Wood even though Wood signaled that he was turning left, Schultz acted with reckless indifference to the consequences, and in violation of Alabama law, and he caused Wood's injuries. A reasonable jury could conclude, therefore, that Schultz's actions constituted wantonness. Under the facts presented by the plaintiff, the court concludes that genuine disputes of material fact exist regarding whether Schultz acted wantonly, and thus, summary judgment is due to be denied.

### IV.  CONCLUSION

Accordingly, for the reasons as stated it is

ORDERED that the defendant's motion for partial summary judgment on the plaintiff's wantonness claim (doc. # 27) be and is hereby DENIED.

Done this 15th day of January, 2013.

                                                  /s/Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE

---

[3] Alabama law prohibits a vehicle to be driven on the left side of the road when "approaching within 100 feet of or traversing any intersection. . .." ALA CODE § 32-5A-85 (1980).